## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22203-Civ-TORRES

LUIS ROLDAN,

        Plaintiff,

vs.

PURE AIR SOLUTIONS, INC.,
a Florida Corporation, and
JAMES D. SCHOTT, an individual,

        Defendants.

_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees Pursuant to 29 U.S.C. § 216(b). [D.E. 55].  The motion follows this Court's entry of its Findings of Fact and Conclusions of Law [D.E. 52] issued after a bench trial.  After due consideration of the motion, related filings, Defendant's response, and the record in this case, the motion will be Granted in part.  Plaintiff will be awarded $3,217.50 in reasonable attorney's fees and $983.00 in taxable costs.

### I.  BACKGROUND

The Court incorporates its existing Findings of Fact [D.E. 52] as part of this Order, as the pending motion for attorneys' fees is based on Plaintiff's recovery under 29 U.S.C. § 216(b) set forth in those Findings.  In short, the Court has now found that Plaintiff Luis Roldan was an employee of Defendant Pure Air Solutions as an air

conditioning technician from the week of May 28, 2007 until his separation from employment on or about August 4, 2007, a period of approximately 10 weeks. The Court found that, although Plaintiff had not been denied any overtime wages due during this period of employment, as alleged by the complaint but not supported at trial, there was no dispute that Defendant did not pay Plaintiff the hours worked the last week prior to his separation. Although Defendant James Schott claimed he only owed Plaintiff for a few hours of work, the Court credited Plaintiff's testimony that he was owed for the entire week ending August 3, 2007, as well as the week ending July 27, 2007, based on Defendant's stated practice of "holding back" an employee's first paycheck. This practice resulted in Plaintiff being paid two weeks after his workweek ended.  As a result, Plaintiff's final check should have been for two weeks of employment.

Consequently, the Court found that Plaintiff was entitled to an award for unpaid minimum wages, calculated based on 80 hours at the Florida minimum wage rate of $6.67, for a total of $533.69.  Judgment must be entered for that amount.

Based upon this limited recovery, Plaintiff timely moved for an award of reasonable attorney's fees and costs, arguing that Plaintiff prevailed in the case and was entitled to a statutory award under the FLSA in the total amount of $19,118.50. Plaintiff's motion spelled out the hourly rate and hours incurred in the litigation, which Plaintiff's counsel reduced by 25% to represent the reduced recovery in the action to only the unpaid wage claim.

Defendant responded that no fees are due at all given the very limited nature of the recovery.  Defendant argued that the entire litigation cost incurred in the case

focused on the overtime claim, that the unpaid wage claim would have been settled long ago had that been the only issue, and that Plaintiff's counsel's work on the case was excessive and unreasonable. Defendant argues that no fees should be awarded, or that they be greatly reduced.

## II.   ANALYSIS

### A.   <u>Attorneys' Fees</u>

We begin with the initial question whether or not Plaintiff is entitled to any material award of fees and costs under the FLSA. Defendant argues that, given how the case was prosecuted and based on the very limited success involved, Plaintiff should not be deemed a prevailing party at all and not assessed any fees, based largely upon the Eleventh Circuit's recent decision in *Sahyers v. Prugh, Holliday & Karatinos, P.L.,* 560 F.3d 1241 (11th Cir. 2009).

The Eleventh Circuit's decision in *Sahyers* restated the general and well-understood principle that "a prevailing FLSA plaintiff is entitled to an award of some reasonable attorney's fees and costs." *Id.* at 1244 (citing 29 U.S.C. § 216(b); *Dale v. Comcast Corp.,* 498 F.3d 1216, 1223 n.12 (11th Cir. 2007); *Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1542 (11th Cir. 1985)). Indeed, FLSA was designed to rectify and eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The statutory purpose of the fee provision incorporated into the FLSA is "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *United Slate, Tile & Composition*

*Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co., Inc.,* 732 F.2d 495, 502 (6th Cir. 1984).  And the Eleventh Circuit pronounced long ago that "[s]ection 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases. In consideration of the language of section 216(b) and its underlying purpose, we hold that attorney fees are an integral part of the merits of FLSA cases and part of the relief sought therein.  Thus, a final determination as to the award of attorney fees is required as part of the final appealable judgment."  *Shelton v. Ervin,* 830 F.2d 182, 183 (11th. Cir. 1987).

Therefore, based upon these authorities we conclude that an award of attorneys' fees upon achieving some level of recovery under the FLSA is mandatory.  *Sahyers*, on the other hand, affirmed a district court's decision, *based upon its inherent powers*, to deny altogether an award of fees to a plaintiff who prevailed in an FLSA case following a Rule 68 Offer of Judgment.  That panel's decision, however, was expressly limited to the unique facts in that case and the district court's extraordinary finding that an award of fees was, in effect, forfeited when prior notice of a claim was not provided by the plaintiff lawyer to a fellow lawyer – the defendant employer in the case. 560 F.3d at 1243-44.  The Eleventh Circuit affirmed that exercise of discretion "given the district court's power of oversight over the bar . . . ."  *Id.* at 1244.  The opinion further took pains to explain that its decision was extremely unique and not intended to cast a wider net for future cases.  As the Court put it:

> We strongly caution against inferring too much from our decision today. These kinds of decisions are fact-intensive.  We put aside cases in which

lawyers are not parties.  We do not say that pre-suit notice is usually required or even often required under the FLSA to receive an award of attorney's fees or costs.  Nor do we now recommend that courts use their inherent powers to deny prevailing parties attorney's fees or costs.  We declare no judicial duty.  We create no presumptions.  We conclude only that the district court did not abuse its discretion in declining to award some attorney's fees and costs based on the facts of this case.

*Id.*

The import of the *Sahyers* case may thus be summarized as recognition that in extraordinary cases a district court has discretion to ignore the statutory language in this statute, based upon the exercise of its inherent powers in a case involving lawyers. Without making any judgments as to whether or not such an outcome amounts to judicial policy-making in the face of clear statutory language, we are bound by it.  But this case does not involve a lawyer as a party, did not rise to the level of an affront to this Court's sense of justice, and did not offend the collegiality required by one member of the bar to another.  In other words, this case is clearly *not* the type of case that the panel decision in *Sahyers* was talking about.  And we follow their admonition not to apply their holding to facts such as ours.[1]

We are bound instead to follow the Eleventh Circuit's earlier decisions and the plain statutory language in section 216(b) of the FLSA that an attorney fee award is

---

[1]     We pause to note that some courts in our circuit have begun citing *Sahyers* for the proposition that fee awards are due absent "extraordinary circumstances." *Mora v. Cemex, Inc.,* 2009 WL 3231466, at *3 (M.D. Fla. Sept. 29, 2009) (Fawsett, J.).  Even that reasonable characterization of the holding in *Sahyers* is too broad given the Court's limitation of its own opinion.   Extraordinary circumstances are likely not enough, unless of course lawyers are the ones alleged to have violated federal law.

due in this case based upon the, albeit minimal, positive recovery obtained by counsel in this case.

That being said, a more traditional approach to a mandated award of fees does not leave the Court powerless to address the unfairness involved in a sledgehammer being used to crack a nut.  An award under the FLSA still requires the Court to use the federal "lodestar" method applicable to many other types of fee award statutes.  The lodestar method consists of determining the reasonable hourly rate, then multiplying that number by the number of hours reasonably expended by counsel.  *E.g., Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman v. Hous. Auth. of Montgomergy*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Harbaugh v. Greslin,* 365 F. Supp.2d 1274, 1279 (S.D. Fla. 2005).  The applicant seeking fees bears the burden of documenting appropriate hours and hourly rates. *ACLU of Georgia v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999).  In awarding attorney's fees, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428.

### 1.  *Reasonable Hourly Rates*

When calculating the lodestar amount, the Court first determines the reasonable hourly rate.  The Eleventh Circuit defines the reasonable hourly rate to be the "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman,* 836 F.2d at 1299.  Several well-established factors may be considered in arriving at that prevailing

market rate, as set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[2] The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate. *Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman,* 836 F.2d at 1299 (burden lies with fee applicant "of producing satisfactory evidence that the requested rate is in line with prevailing market rates [and] . . . satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits."). In the end, however, the Court is deemed an expert on the issue of hourly rates in its community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger,* 10 F.3d at 781 (quoting *Norman,* 836 F.2d at 1303).

---

[2]      The *Johnson* factors are essentially the same as those outlined in *Rowe*. *Rowe*, 472 So. 2d at 1150 n.5. The *Johnson* factors are:

(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill requisite to perform the legal service properly;
(4) the preclusion of other employment;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) the time limitations imposed by the client or circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the undesirability of the case;
(11) the nature and length of the professional relationship with the client; and
(12) the awards in similar cases.

*Johnson,* 488 F.2d at 717-719.

The Court has reviewed the materials submitted by Plaintiff establishing the hourly rates it seeks in this matter.  The Court agrees that the rates included in the affidavits supporting the motion are fair and reasonable and within the customary hourly rates charged in this legal community for FLSA cases such as this.  Plaintiff's expert posited that a reasonable rate for the experience level of the two lawyers who worked on this case ranged from $275 to $350.  The Court agrees and finds that the hourly rate of $300.00 for each lawyer who billed on this case to be reasonable.  The higher specific rate requested in the motion will be reduced accordingly.

## 2.  *Hours Reasonably Expended*

The second component of the lodestar method requires the Court to determine the amount of hours reasonably expended by Plaintiffs' counsel.  This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU of Georgia,* 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301).  This means that the "district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  The Court must disallow those hours requested that are excessive and should not be assessed against Defendant.  Fee applicants must exercise what the Supreme Court has termed "billing judgment." *ACLU of Georgia*, 168 F.3d at 428 (quoting *Hensley*, 461 U.S. at 434).  "[R]easonably competent counsel do not bill hours that are 'excessive, redundant, or otherwise unnecessary." *Yahoo!, Inc.,* 329 F. Supp. 2d at 1183 (also quoting *Hensley*, 461 U.S. at 434).

Consequently, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* The burden is upon the applicant for fees to submit detailed documentation that will assist the court in determining the amount of fees to properly and reasonably award. *ACLU of Georgia,* 168 F.3d at 427. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees to be awarded. *Id.*

At the same time, the party opposing the fee application must satisfy his obligation to provide specific and reasonably precise objections concerning hours that should be excluded. *Id.* In the final analysis, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman,* 836 F.2d at 1301.

Here, Defendant did not make a specific challenge to the itemized description of work included in the motion. Defendant instead took a global approach to the entire fee petition, arguing that most of the hours incurred were excessive and unreasonable given the level of recovery involved. The Court's review of the work identified in the supporting materials shows that, with some exceptions, the amount of hours incurred is within the realm of reasonableness for a case such as this. Though the Court could single out particular descriptions as being excessive or unnecessary, the Court will not do so as that would, in our view, constitute a double reduction to the overall reduction the Court is prepared to make, consistent with the Court's discretion under *Hensley.*

The same holds true for the argument Defendant makes that the use of two lawyers at various points in the case was unnecessary and requires reduction in the amount of hours claimed.  It is true that if multiple lawyers are working on a case and producing duplicative or redundant work a reduction would be appropriate.  On the other hand, "[t]here is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman,* 836 F.2d at 1302.

Though the Court could, again, eliminate certain hours that may be redundant given the amount of hours claimed by each lawyer on the case, the fact that both lawyers appeared for the short trial in the case is not necessarily problematic.  A review of the time records shows that Mr. Sharp was predominantly involved in the trial preparation, while Mr. Norell was primarily involved in the pretrial phase of the case.  And even though some time was billed by Mr. Sharp prior to his formal appearance in the case, it is certainly reasonable for a lawyer to consult with the person who will be lead trial counsel during the run-up to the trial.  On their own, the amount of hours billed by Mr. Sharp are not so excessive or cumulative to warrant the Court doing an item-by-item reduction.  Again, the Court will assume that the hours would have been necessary had Plaintiff fully prevailed at trial.  A reduction in the lodestar based upon the limited success obtained will adequately address the objections to the specific number of hours charged by the two lawyers who worked on the case on

Plaintiff's behalf.  That reduction will be more than sufficient to remedy the objections cited by Defendant to the number of hours included in the petition.

### 3.   *Reduction of Lodestar*

Based on the foregoing analysis of the appropriate hourly rate and the number of hours expended, the Court's gross lodestar calculation (at $300.00 per hour multiplied by 71.50 hours) is an award of $21,450.00.  The amount actually requested in the motion is $18,010.50.  The requested amount is based on a higher billable rate, but a 25% reduction in the number of hours billed to the case based upon the recognition that Plaintiff prevailed only on the minimum wage claim.  We now turn to whether or not Plaintiff's proposed reduction is sufficient.

Once the district court reaches an amount using the lodestar determination, it may then adjust that award in light of the plaintiff's "level of success."  *See Hensley,* 461 U.S. at 436; *Loranger,* 10 F.3d at 781 ("This 'lodestar' may then be adjusted for the results obtained.").  In *Hensley,* the Supreme Court set forth the basic approach to be taken by a district court in determining whether to adjust the modified lodestar amount to account for a plaintiff's limited success.  *See id.* at 434-38.  In a case involving a single claim or related claims, the court is directed to ask whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award."  *Id.* at 434.  In so doing, the court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."  *Id.* at 435.

When a plaintiff has obtained an excellent result, his attorney should recover a fully compensable fee (i.e., the modified lodestar amount), and the fee "should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.* However, "[i]f ... a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 436. In such a case, the district court has the discretion to reduce the modified lodestar amount to reflect the degree of success obtained. *See id.* at 436-37.

Upon analyzing the record in the case, the Court finds that the Plaintiff's proposed reduction to the number of hours expended, a 25% reduction, does not come close to recognizing the limited level of recovery that Plaintiff's counsel achieved in the case. Our review of the billing records shows, for instance, that the unpaid wage claim from the last workweek that Plaintiff worked for Defendant was hardly ever referenced per se. The work identified in the records by subject was entirely related to the overtime claim, which proved to be unsuccessful at trial. The same is true for the initial claimed amount, reflected in Plaintiff's statement of claim [D.E. 5], that was focused primarily on damages stemming from unpaid overtime. The unpaid wage issue for the last workweek was, understandably, quite incidental.

The best evidence available to the Court on this question is the Court's own perception of the case at the trial. The vast majority of the time taken up during the trial was related to the overtime issue. After all, Defendant conceded early on in his testimony that he may have owed Plaintiff for that last workweek. He denied,

however, owing Plaintiff any unpaid overtime because Plaintiff never earned it. Hence, it is quite apparent that this case was driven by the overtime issue, not the unpaid wage issue. And though we can only speculate as to whether the case would have settled much earlier on had it been only about the last workweek, it is a fair inference to make that this case would not have gone to trial over that minimal dispute, if at all. Plaintiff's own evidence at trial proves that point.

The Court finds, therefore, that Plaintiff's proposed reduction does not adequately take into account the limited level of success achieved. Plaintiff is correct in that an attorney's failure to obtain every dollar sought on behalf of his client does not automatically mean that the modified lodestar amount should be reduced. By the same token, however, "district courts both can and should look to the degree of success a party achieves in deciding how generous a fee award should be." *Shea v. Galaxie Lumber & Constr. Co.,* 152 F.3d 729, 736 (7th Cir.1998). In other words, although the fee award need not be proportionate to the amount of damages a plaintiff actually recovers, it is a factor that a court should consider when contemplating a reduction of the modified lodestar amount. *See also City of Riverside v. Rivera,* 477 U.S. 561, 574 (1986).

Furthermore, the cases cited by Plaintiff illustrating low dollar recoveries where material fee awards were entered are largely distinguishable. Many of them involved situations where Plaintiff obtained almost all that was claimed, but that amount was relatively small in the scheme of things. That is a far cry from this case, where Plaintiff did not recover most of what was claimed, and what was ultimately obtained

was quite minimal.  A reduction in the lodestar under these circumstances is far more warranted than a case where a plaintiff recovers all he was due from a stubborn defendant after great litigation expense.  In that case, a complete fee award is required.  This is not such a case.

Hence, rather than meriting a 25% reduction in the lodestar, the record in this case supports *at best* only a 25% award from that lodestar calculation.  In other words, a 75% reduction would be appropriate to address a limited recovery, which would never have seen the inside of a courtroom, had it not been latched onto a far greater overtime claim that merited a trial but proved to be unsuccessful.  In *Hensley* parlance, the amount of hours incurred in this case are wholly in excess for what should have been required for the limited recovery obtained.

A 75% reduction in the lodestar results in a final fee award of $5,362.50. Frankly, that amount is still too high because it over-represents the amount of legal effort required to plead and present the minimum wage issue.  The amount of hours necessary to present and prove this successful claim would not allow for even that type of fee award.  A greater reduction is still required.  Accordingly, the Court exercises its discretion to reduce the lodestar by 85%, a reduction that better represents the full value of legal work required to plead and prove the Plaintiff's claim that he had not been fully paid for his last workweek.  That requires a fee award of $3,217.50, which far more accurately represents full value for legal representation incurred due to this claim.  At the same time that amount still represents a reasonable financial penalty, in accord with the FLSA, to show Defendant that there is some consequence from

putting himself in the position of having an unpaid wage claim remain outstanding for this period of time.  Frankly, upon receipt of the complaint the amount should have been fully tendered to Plaintiff, or at least an offer of judgment prepared that would make clear that no further legal work was necessary to obtain payment.  An early offer of judgment for the unpaid wage claim perhaps would have cut off any attorney fee liability even sooner.  But the Court must credit the fact that Plaintiff did not have a legal entitlement to the back wage owed until after trial.  Therefore, this reduced lodestar fee award is appropriate.

### B. *Entitlement to and Amount of Costs*

Plaintiff also seeks to recover $1,108.00 in taxable costs that were incurred in this case, pursuant to the FLSA and 28 U.S.C. §§ 1920.  Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute.  A strong presumption exists in favor of awarding costs. *Id.*  A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920.[3]  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit

---

[3]     The following costs are permitted under 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under 28 U.S.C. § 1923;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920).

Again, Defendant had the burden of showing that the costs requested fell outside the scope of this statute. *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) ("burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").

Based on the absence of any objection as to any particular cost, we find that Plaintiff should be awarded the full amount of taxable costs requested because they represent the minimal amounts necessary to pursue and resolve the unpaid wage claim.  We recognize that we could also have discretion to reduce those costs by 85% for the reasons cited earlier.  But we look at costs differently.  They are hard costs that could not have been parsed at the time they were incurred.  The one exception to that is the claimed mediation cost, which is compensable as part of fees and not as part of taxable costs under section 1920.  We can award mediation costs only under the FLSA. And because we have reduced those fees based upon the minimal result obtained, we will do so as well by 50% for the mediation costs.  All costs taxable under section 1920, however, will be awarded in full.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for an Award of Attorneys' Fees and Reasonable Expenses in Litigation [D.E. 55] shall be **GRANTED IN PART** and

**DENIED IN PART**.  Plaintiff shall be awarded recoverable attorneys' fees in the amount of $3,217.50 and taxable costs in the amount of $983.00.  These amounts shall be separately included within the Rule 58 Final Judgment entered pursuant to the Court's Findings of Fact and this Order.

 **DONE AND ORDERED** in Chambers at Miami, Florida this 29th day of January, 2010.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge
